UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CLAYTON OATES,

               Plaintiff,

    v.

U.S. DEPARTMENT
OF JUSTICE
Washington, D.C.

EXECUTIVE OFFICE
FOR U.S. ATTORNEYS
Washington, D.C.

              Defendants.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF UNDER
THE FREEDOM OF INFORMATION
ACT


Case No.: 1:26-cv-1099

**INTRODUCTION**

1.     This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to compel U.S. Department of Justic ("DOJ") and the Executive Office for U.S. Attorneys ("EOUSA") to comply with a FOIA request.

2.     In this lawsuit, Plaintiff seeks production of records improperly withheld and to compel the agencies to conduct an adequate search as FOIA requires.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

4.     The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

5.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

6.      Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli and Pratt. He is the requestor for the DOJ FOIA request at issue in this litigation.

7.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA requests.

8.      Defendant EOUSA is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA requests.

## STATEMENT OF FACTS

### A. Statutory Framework

9.      FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

10.      In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

11.      An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

12.      The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 771 F.3d 180, 186 (D.C. Cir. 2013).

13.      An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

14.     An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

15.     An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

16.     After an agency responds to a FOIA request, a requestor may file an administrative appeal. An agency must respond to administrative appeal within 20 business days of receiving an appeal. *Id*. § 552(a)(6)(A)(ii).

17.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

18.     In responding to a FOIA request, an agency must make a reasonable search. See 5 U.S.C. § 552(a)(3)(C). FOIA also prohibits an agency from improperly withholding responsive records, *id*. § 552(a)(3)(A), or failing to produce segregable information, *id*. § 552(a)(8)(A)(ii).

### B.  Factual Background

19.     Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli & Pratt, P.A., and he seeks records held by DOJ and its component agencies, including EOUSA.

20.     Plaintiff filed a FOIA request with DOJ on January 14, 2026. The request seeks records of public importance relating to the appointment of Military Judge Advocates ("JAGs") to serve as Immigration Judges.

21.     On January 15, 2026, DOJ sent confirmation of receipt of the FOIA request to Plaintiff. In this letter, DOJ stated that the request was forwarded to EOUSA, a component agency of DOJ.

22.     DOJ stated in its January 15 letter that the 20-business-day FOIA response deadline would commence on the earlier of EOUSA's receipt of the request or ten business days after January 15, 2026.

23.     DOJ assigned the request number **EMRUFOIA011426-8**.

24.     To date, neither DOJ nor EOUSA have produced records in response to the FOIA request, nor have the agencies invoked any "unusual circumstances" that would warrant an extension of time of FOIA's statutory deadline to produce the requested records.

## CAUSES OF ACTION

### Count I:
### Agencies' Failure to Respond to Request Within Statutory Timeframe

25.     Plaintiff incorporates paragraphs 1 through 24, as if fully stated in this Count.

26.     DOJ and EOUSA have failed to respond to Plaintiff's FOIA request within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. § 522(a)(6)(A)(i).

27.     Plaintiff is entitled to an order compelling the agencies to adjudicate the administrative appeal and produce records in response to the FOIA requests.

### Count II:
### Agencies' Failure to Conduct Adequate Search and Produce Segregable Records

28.     Plaintiff incorporates paragraphs 1 through 24, as if fully stated in this Count.

29.     The agencies have failed to make reasonable efforts to search for records responsive to Plaintiff's FOIA request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(3).

## ATTORNEYS' FEES

30.     Plaintiff incorporates paragraphs 1 through 29 herein, as if fully stated in this Count.

31.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on his behalf and:

a.     Declare that DOJ and EOUSA are in violation of FOIA for failing to timely process Plaintiff's FOIA request.

b.     Order DOJ and EOUSA to immediately adjudicate Plaintiff's FOIA request, conduct an adequate search for records, and produce all records responsive to Plaintiff's request;

c.     Award Plaintiff costs and reasonable attorneys' fees incurred in bringing this action;

d.     Grant such other relief as the Court may deem just and proper.

Dated: March 31, 2026                    Respectfully submitted,

                                         /s/ Edward F. Ramos
                                         EDWARD F. RAMOS
                                         FLA BAR. 98747
                                         eramos@kktplaw.com

                                         KURZBAN KURZBAN
                                         TETZELI & PRATT, P.A.
                                         131 Madeira Avenue
                                         Coral Gables, Florida 33134
                                         Tel:   (305) 444-0060
                                         Fax:   (305) 444-3503